# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATELYNN CALVIN, | Case No.: 3:26-cv-00141-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1 |
| ALBERT LUCAS HERNANDEZ, SR., | |
| Defendant | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and a pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff submitted the court's short form IFP application. However, while Plaintiff has indicated on the form that she receives several sources of income (Question No. 3), she fails to describe each source of income, the amount, or whether she expects to continue to receive such income in the future, as the form directs her to do. She further does not identify how much money – even if $0 – she has in cash or in a savings or checking account, as asked in Question No. 4. In Question No. 5, when asked to describe things of value which Plaintiff owns, Plaintiff states only the name of the defendant. In Question No. 6, Plaintiff does not describe or provide the amount of her monthly expenses. Finally, in Question No. 8, Plaintiff does not identify to whom she owes debts, nor their amounts, as required.

It may be that Plaintiff cannot afford to pay the filing fee, but the court cannot make that determination on the record before it. Accordingly, Plaintiff's application to proceed IFP will be denied without prejudice. She will be given another opportunity to submit a completed IFP application, but this time on the court's long form, which must provide greater detail about her income and expenses.

///

///

///

///

///

///

///

## II. CONCLUSION

Plaintiff's IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff the long form IFP application and instructions for the same. Plaintiff has **30 days** from the date of this Order to either file the long form IFP application or pay the $405 filing fee. If Plaintiff fails to timely comply with this Order, Plaintiff's action may be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: May 11, 2026

_____
Craig S. Denney
United States Magistrate Judge